UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENA NOCKENOFSKY and DAVID NOCKENOFSKY,<br><br>*Plaintiff,*<br><br>v.<br><br>ARBONNE INTERNATIONAL, LLC, et al.<br><br>*Defendant.* | Civil Action No.: 18-cv-02708 (PGS)(LHG)<br><br>MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

This case comes before the Court on a motion for remand (ECF No. 10) filed by Plaintiff and a motion to dismiss (ECF No. 18) filed by Defendants.

I.

Plaintiffs, Dena and David Nockenofsky filed a Complaint in the Superior Court of the State of New Jersey, Ocean County on January 19, 2018. (Complaint, ECF 1-1). Defendants subsequently filed a notice of removal on February 26, 2018. (ECF No. 1). Defendant filed a motion to dismiss on March 15, 2018 (ECF No. 6). On March 23, 2018, Plaintiff filed a motion to remand. (ECF No. 10). On April 5, 2018, Plaintiff filed an amended complaint. (ECF No. 14). Defendants then filed a new motion to dismiss on May 14, 2018. (ECF No. 18). At this juncture, the parties agreed that the initial motion to dismiss should be considered withdrawn. (ECF No. 6).

1

I.

Generally, this is a personal injury action wherein Plaintiff alleges claims for product liability pursuant to N.J.S.A. 2A:58C (Count I), strict liability (Count II), negligence (Count III), breach of warranty (Count IV), breach of warranty (Count IV), failure to warn (Count V), negligent misrepresentation (Count VI), and violation of New Jersey Consumer Fraud Act (Count VII). (ECF No.1-2, Complaint).

In her initial complaint, Plaintiff alleged that in late February 2016, she purchased a "30-Day Feeling Fit Kit," sold by Defendant Arbonne International LLC ("Arbonne"), which consisted of a number of products. (Compl. ¶13). She ingested and consumed the various Arbonne products contained in the Kit, as directed by Arbonne. (Id. 15). She began to suffer from adverse effects in the summer of 2016. (Id. ¶16). On September 28, 2016, Plaintiff was diagnosed with extremely high liver enzymes. (Id. ¶17). After her condition deteriorated, she underwent a liver transplant operation on October 7, 2016. (Id. ¶19). Plaintiff had no prior history of liver disease. (Id. ¶20). In the complaint, Plaintiffs named Arbonne, and two individual Defendants, Chaya Bornstein and Elisheva Stamler, sales representatives who acted as Arbonne's agents. (Id. ¶3).

II.

Before a district court may determine whether the dismissal of claims pursuant to F.R.C.P. 12(b)(6) is appropriate, the Court must first ascertain whether it has subject matter jurisdiction over the case. 28 U.S.C. §1447(c); Fed. R. Civ. P. 12(h)(3); *see also Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995). If the Court lacks subject matter jurisdiction, then it must either remand the case back to the state court or dismiss the case. 28 U.S.C. §1447(c); Fed. R. Civ. P. 12(h)(3).

Plaintiff's motion to remand was filed because the two individual defendants (Bornstein and Stamler) are New Jersey residents, like Plaintiff. Therefore, there is no diversity jurisdiction. Arbonne argues that Plaintiff joined the individual Defendants by way of fraudulent joinder to destroy diversity, and remand is not required.

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). That is, a defendant can remove an action to federal court pursuant to § 1441(a) if the plaintiff could have filed it here in the first instance. After removal, a party can move to remand the action back to state court. 28 U.S.C. §1447(c). The removing party bears the burden of establishing the court's jurisdiction. *Samuel Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citing *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir. 1985)), *cert. dismissed sub. nom. American Standard v. Steel Valley Auth.*, 484 U.S. 1021, 108 S. Ct. 739, 98 L. Ed. 2d 756 (1988).

The doctrine of fraudulent joinder, or improper joinder of parties to avoid diversity jurisdiction is recognized by the Third Circuit when "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Boyer v. Snap–On–Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). The removing party has the burden of establishing the propriety of removal when confronted with a motion to remand the matter back to state court. *Gateway 2000,*

3

*Inc. v. Cyrix Corp.*, 942 F. Supp. 985, 989 (D.N.J. 1996) (citing *Dukes v. U.S. Healthcare*, Inc., 57 F.3d 350, 359 (3d Cir. 1995)).

Generally, the Court only considers the facts set forth in the original complaint when determining whether there has been a fraudulent joinder. In doing so, the Court finds that the original complaint sets forth a plausible claim against Airborne; but there are few facts alleged against Borstein and Stamler to determine whether there is a plausible claim of relief against either of them. As such, the motion to remand is denied.

Sua sponte, the Court reviewed the Amended Complaint filed by Plaintiff to determine diversity jurisdiction. "Because federal courts have 'an independent obligation to satisfy themselves of jurisdiction if it is in doubt,' they may also 'raise sua sponte subject-matter jurisdiction concerns.'" *Multicultural Radio Broad., Inc. v. Korean Radio Broad., Inc.*, 2017 U.S. Dist. LEXIS 12749, *6, (D.N.J. Jan. 31, 2017) (quoting *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76 (3d Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977)). Based on this principle, the Court will review jurisdiction pursuant to the facts provided in the Amended Complaint sua sponte. In these circumstances, "[t]he burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Benefit Life Co. v. AEI Life*, LLC, 800 F.3d 99, 105 (3d Cir. 2015) (citing *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3, 126 S. Ct. 1854, 164 L.Ed.2d 589 (2006)).

The Amended Complaint is far different from the facts alleged against Stamler and Bornstein in the original complaint. The Amended Complaint alleges that Plaintiff purchased Arbonne's "30 Day Feeling Fit Kit" which consisted of Arbonne's Protein Shakes, Daily Fiber Boost, Fit Chews, Energy Fizz Sticks, and Herbal Detox Tea (collectively referred to as the "Kit.") (FAC, ¶23; ¶48). Thereafter, Plaintiff supplemented and replenished the Kit by reordering and

purchasing more Arbonne products. In purchasing and ingesting those products from February to about September 28, 2016. Ms. Nockenofsky relied on the express representations and warranties made by Arbonne, Bornstein and Stamler (the Selling Defendants). (Id. ¶24).

Prior to the liver transplant, Ms. Nockenofsky was 30 years old. She was a healthy young woman and mother of four children. Since the time of the transplant (October 7, 2016), Ms. Nockenofsky has been prescribed anti-rejection medications, immunosuppressants, and other strong medications. (Id. ¶¶28-30).

From the Amended Complaint, Stamler and Bornstein appear to be independent contractors of Arbonne who sold the products in question to Plaintiff. (Id. ¶15-16). The Selling Defendants represented to Plaintiff that the Arbonne products were safe. (Id. ¶17-19).

Ms. Nockenofsky continuously relied on the express representations made by Selling Defendants when she purchased and ingested the Arbonne product in question from late February 2016 until September 28, 2016. (Id. ¶23-24).

Selling Defendants stated to Ms. Nockenofsky that the Kit products would benefit her liver, help her lose weight, not hurt her, and were healthy for her. (Id. ¶40). Stamler created a customized food plan and diet for Ms. Nockenofsky that included the Kit products which eventually caused her injuries. (Id. ¶43). Bornstein trained Ms. Nockenofsky on the healthy way to use the Kit products. (Id. ¶46-47). Bornstein was largely involved with explaining Arbonne instructions and to train customers on how to use the Kit products. This included individual suggestions to suit Ms. Nockenofsky's desires. (Id. ¶55). Bornstein created a "WhatsApp" text message group dedicated to promoting and providing training on the use of the Kit products. (Id. ¶56). This WhatsApp group was the method that Bornstein communicated Arbonne materials with others. Ms. Nockenofsky signed on to WhatsApp on February 22, 2016. (Id. ¶57-59). Bornstein moderated

5

the group and would remove negative or disagreeable comments, and she would remove individuals from the group if their comments were adverse to her promotional or sales activities. For example, she removed Ms. Nockenofsky from WhatsApp on March 10, 2017. (Id. at ¶60-61).

In short, there are plausible causes of action against Bornstein and Stamler as independent contractors, Bornstein for negligence and misrepresentation of the safety of the Kit products; and against Stamler for negligent formulation of a diet that caused liver disease.

In the present case, Plaintiff is a citizen of New Jersey. Defendant Arbonne's principal place of business is California. Defendants Chaya Bornstein and Elisheva Stamler are citizens of New Jersey. In the Amended Complaint, there are sufficient facts to show plausible claims against Stamler and Bornstein. In the Amended Complaint, Plaintiff alleges that Borstein and Stamler sold the product to her and provided her with advice on the Kit's usage. It appears that Stamler and Bornstein were joined properly. As such, there is a lack of diversity jurisdiction. As such, this matter should be remanded to state Court.

Based on the lack of jurisdiction, this Court declines to entertain the motion to dismiss.

ORDER

THIS MATTER having been opened to the Court on Plaintiff's motion for remand (ECF No. 10) and Defendants' motions to dismiss (ECF No. 6, and ECF No.18), and the Court having sua sponte reviewed the Amended Complaint (ECF No. 14) to determine if there is subject matter jurisdiction; and having fully considered the submissions and arguments of counsel;

Now therefore, this Court remands the matter to the Superior Court of New Jersey based on this Court's sua sponte review of the Amended Complaint (ECF No. 14), filed after Plaintiff's motion to remand (ECF No. 10); and

IT IS on this 10th day of October, 2018,

ORDERED Defendants' motion to dismiss is denied as moot (ECF No. 6); and it is further,

ORDERED Plaintiff's motion to remand based upon the original complaint (ECF No. 10) is denied; and it is further,

ORDERED that pursuant to the Court's sua sponte review of the Amended Complaint (ECF No. 14), this case is remanded to the Superior Court of New Jersey for lack of subject matter jurisdiction; and it is further;

ORDERED that the motion to dismiss the amended complaint (ECF No. 18) is denied as moot; and it is further

ORDERED that the Clerk is directed to remand to state court and close the file.

PETER G. SHERIDAN, U.S.D.J.